JUAN ORTIZ PERICCHI, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.
EL MISMO *v.* EL MISMO.

Nos. 899 y 900.—*Sometidos:* Noviembre 6, 1933. *Resueltos:* Noviembre 28, 1933.

*Juan J. Toro,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Están estos recursos gubernativos tan estrechamente relacionados que estudiaremos las cuestiones en ellos envueltas en una sola opinión.

Dueños José Claudio y su esposa María Rosario Cruz y Galarza de ciertas fincas, las hipotecaron a favor de Juan Ortiz Pericchi en garantía de cierta cantidad que el segundo prestara a los primeros. Vencida y no satisfecha la obligación garantizada, el acreedor inició en la Corte de Distrito de Ponce el 10 de abril de 1933 el procedimiento sumario que autoriza la ley para la ejecución de la hipoteca. El 11 del propio abril se requirió de pago a los deudores y el 28 de junio siguiente se ordenó la venta de la propiedad gravada. Anunciada la venta en los sitios públicos de costumbre de Ponce y San Germán y mediante los correspondientes edictos publicados en el periódico "*El Día*" en sus ediciones correspondientes al 20 de junio y al 5, 11 y 17 de julio de 1933, se procedió a efectuarla en la fecha señalada o sea el 18 de julio de 1933, adjudicándose las fincas hipotecadas al acreedor,

único licitador que se presentara. El propio día 18 de julio el márshal otorgó escritura pública a favor del comprador, y presentado el documento en el Registro de la Propiedad de San Germán, el registrador se negó a inscribirlo por nota de agosto 28, 1933.

Como apareciera que los dueños de las fincas hipotecadas las vendieran a Pedro Claudio y a su esposa Rosario López Ortiz por escritura de julio 15, 1933, que se inscribió en el Registro, el comprador solicitó de la Corte de Distrito de Ponce que ordenase la notificación correspondiente a los dichos Pedro Claudio y su esposa, a fin de que en el término de diez días procedieran a satisfacer el montante de la hipoteca, apercibidos de que si así no lo hiciesen se ordenaría la cancelación de su inscripción de compra pendiente el procedimiento. Accedió la corte, se notificó a los compradores y transcurrido el término sin que liberaran su finca, el acreedor-comprador se dirigió de nuevo a la corte pidiéndole que ordenara la cancelación. Así lo hizo la corte de distrito el 29 de agosto de 1929, basándose en el artículo 71 de la Ley Hipotecaria y en la decisión de esta Corte Suprema en el caso de *Arroyo* v. *Zavala,* 40 D.P.R. 269. Expedido mandamiento al registrador, éste, por nota de septiembre 6, 1933, se negó a verificar la cancelación que se le ordenaba.

No conforme Ortiz Pericchi con las notas de agosto 28 y septiembre 6, 1933, interpuso contra ellas estos recursos gubernativos en los que tanto el recurrente como el registrador han presentado amplios alegatos sosteniendo sus posiciones respectivas.

Cuando en 28 de agosto de 1933 el Registrador se negó a inscribir la escritura de 18 de julio de 1933 otorgada por el márshal a favor de Ortiz Pericchi, aun no había recibido el mandamiento de la Corte de Distrito de Ponce. Según el registro las fincas constaban inscritas a nombre de persona distinta de aquélla en cuya representación había actuado el márshal, y su negativa, en tal virtud, está enteramente justificada por ese solo fundamento. Todas las otras consideraciones

que se hacen constar en la nota pueden estimarse innecesarias y debe prescindirse de ellas. En tal forma la nota de agosto 28, 1933, deberá confirmarse.

■ ■ La de septiembre 6, 1933, deberá ser revocada. Dice:

"DENEGADA la cancelación de las inscripciones a que se refiere el documento que precede, por observar que habiendo sido denegada la inscripción de la escritura de venta judicial No. 82, otorgada en Ponce a 18 de julio último ante el Notario Fernando Zapater Martínez, como consecuencia del procedimiento ejecutivo seguido por Juan Ortiz Pericchi en cobro de crédito hipotecario contra José Claudio y su esposa, por los fundamentos que constan de la nota puesta al calce de dicha escritura, y teniendo este mandamiento ahora presentado su origen en aquel documento, no es posible hacer las cancelaciones que se interesan en el mismo; observando además que no se ha seguido el procedimiento de ley que establecen los artículos 128 y 129 de la vigente Ley Hipotecaria, porque las fincas subastadas son en la actualidad y lo eran al ejecutarse de la propiedad en legítimo dominio de Pedro Claudio Cruz, persona distinta de José Claudio y su esposa, habiéndose seguido por el contrario el procedimiento que establece el artículo 71, inciso 2 de dicho texto legal, siendo como es Pedro Claudio un tercero en concepto hipotecario, no *pendente lite*, pues no resulta del Registro que se hubiese anotado demanda alguna ni embargo de las fincas subastadas; . . ."

El argumento básico del registrador consiste en que no habiéndose anotado en el registro la iniciación del procedimiento ejecutivo hipotecario, no cabe sostener que Pedro Claudio y su esposa sean compradores *pendente lite*, no siendo, por tanto, de aplicación el artículo 71 de la Ley Hipotecaria, sino los 128 y 129 de la misma.

La exacta cuestión en controversia fué decidida en sentido contrario al criterio del registrador por esta Corte Suprema en el caso citado por la corte de distrito para dictar su orden mandando cancelar la inscripción causada por la compra hecha después de iniciado el procedimiento hipotecario, a saber: *Arroyo* v. *Zavala,* 40 D.P.R. 269.

La opinión de la corte fué emitida por su Juez Asociado Sr. Texidor. Decide, como se expresa en el resumen, que:

"El comprador de un inmueble hipotecado, con hipoteca vencida según la inscripción lo indica, no puede hacer valer el carácter de tercero, en lo que a la ejecución de la hipoteca afecta.

"No siendo el comprador de un inmueble hipotecado con hipoteca vencida según la inscripción—compra durante el término del requerimiento de pago en procedimiento ejecutivo hipotecario—un tercero protegido por los artículos 17 y 30 de la Ley Hipotecaria, la inscripción del traspaso a su favor no tiene otra eficacia legal que la que tenía la inscripción a favor de su trasmitente y está sujeta a los mismos riegos que ésta.

"Como el comprador de un inmueble hipotecado, con hipoteca vencida según la inscripción, se halla, por virtud de la subrogación, en idénticas condiciones legales que el que le trasmitió, fundida la personalidad del primitivo deudor en la de dicho comprador, y nada de lo que ocurra con la obligación garantizada le puede ser ajeno o extraño, él es un comprador *pendente lite* y tiene conocimiento presunto del vencimiento de la hipoteca y de los procedimientos sumarios para su cobro.

"Cuando requerido de pago el deudor en procedimiento sumario hipotecario aquél vende la propiedad hipotecada, el adquirente en el remate no tiene forzosamente que seguir pleito alguno contra el comprador del inmueble; visto la sección 2 de la Ley para la ejecución de sentencias (Comp. 5296) y la autoridad que crea el artículo 36 del Código de Enjuiciamiento Civil, el conflicto puede resolverse aplicando el procedimiento del artículo 71 de la Ley Hipotecaria."

A esas conclusiones se llegó después de un amplio estudio de los hechos y la ley envueltos y los argumentos del Registrador no nos convencen de que estén equivocadas.

Verificada la cancelación, desaparecerá en el registro el estado de hecho y de derecho que llevó justificadamente al registrador a su primera negativa. El recurrente podrá entonces presentar otra vez su documentación, satisfaciendo por supuesto los derechos que fije el arancel, y obtener la inscripción de su título, a no ser que no proceda su inscripción por algún otro motivo.

El Juez Asociado Señor Hutchison disintió en cuanto a la revocación.\*

---

\* NOTA: Véase el prefacio.